IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER DAMPF, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2012-CV-5534 |
| | ) | |
| YRC INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff Walter Dampf ("Dampf"), by and through his attorneys, Jacobs, Burns, Orlove & Hernandez, and for his complaint against Defendant YRC Inc., states as follows:

1. This is an action for damages by Plaintiff against Defendant YRC Inc. (hereinafter "YRC") under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, (hereinafter "FMLA").

2. Jurisdiction is premised on 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that YRC operates a service center or garage in Chicago Heights, Illinois, and a substantial part of the events giving rise to Plaintiff's claim occurred in Chicago Heights, Illinois.

4. At all material times, Plaintiff was an employee of YRC, a resident of the State of Illinois, and an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

5. YRC is a wholly owned subsidiary of YRC Worldwide, which is a freight trucking company that was formed in 2009 by the merger of Roadway Express, Inc. and Yellow Transportation, Inc. YRC is an "employer" within the meaning of 29 U.S.C. §2611(4)(A).

6. On or about February 18, 2009, Plaintiff applied for FMLA leave as a result of his own serious health condition. Plaintiff's health care provider completed a medical certification

indicating that Plaintiff might need to be absent from work three to five days per month on an unscheduled, intermittent basis.

7. YRC approved Plaintiff's request for intermittent leave, effective February 18, 2009.

8. In a letter dated November 10, 2009, YRC requested that Plaintiff obtain a recertification of his FMLA leave by November 25, 2009.

9. Plaintiff submitted the recertification to YRC on or about December 17, 2009. YRC returned the recertification to Plaintiff as incomplete. Plaintiff submitted the completed recertification on or about January 14, 2010. In a letter dated January 19, 2010, YRC approved Plaintiff's recertification and indicated that his FMLA approval would expire February 17, 2010, one year from the original date of approval.

10. In February 2010, Plaintiff reapplied to YRC for FMLA leave as a result of his own serious health condition. Plaintiff submitted to YRC at that time a medical certification completed by Plaintiff's health care provider indicating that Plaintiff might need to be absent from work three to four days per month on an unscheduled, intermittent basis.

11. From February 17, 2010 through June 6, 2010, Plaintiff was absent from work on several occasions. Plaintiff requested, and YRC approved, FMLA leave for several absences from February 17, 2010 through June 6, 2010.

12. In a letter dated June 3, 2010, YRC requested that Plaintiff obtain a recertification of his FMLA leave by June 10, 2010.

13. YRC's June 3, 2010 request for recertification was in violation of the FMLA, including but not limited to 29 U.S.C. §§ 2613(e) and 2615(a) and 29 C.F.R. § 825.308.

14. On July 2, 2010, Plaintiff called off work requesting to take FMLA leave. YRC denied Plaintiff's request for FMLA leave because he failed to comply with YRC's June 3, 2010 request for recertification. YRC charged Plaintiff with an unexcused absence on July 2, 2010, and issued him a written warning.

15. On July 17, 2010, Plaintiff requested to take FMLA leave and leave work early. YRC denied Plaintiff's request for FMLA leave because he failed to comply with YRC's June 3, 2010 request for recertification. YRC charged Plaintiff with an unexcused absence on July 17, 2010, and issued him a second written warning.

16. On July 24, 2010, Plaintiff called off work requesting to take FMLA leave. YRC denied Plaintiff's request for FMLA leave because he failed to comply with YRC's June 3, 2010 request for recertification. YRC charged him with an unexcused absence on July 24, 2010, and fired him.

17. On July 28, 2010, YRC fired Plaintiff for absenteeism, including his absences on July 2, 2010, July 17, 2010, and July 24, 2010.

18. The above acts and conduct of YRC relating to Plaintiff are in violation of 29 U.S.C. § 2615(a).

19. The above acts and conduct of YRC relating to Plaintiff have been willful.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) find that YRC has violated the FMLA;

(B) order YRC to reinstate Plaintiff and make him whole for any time lost as a result of being denied FMLA leave;

(C) remove all references to any disciplinary action for any absences which should have otherwise been designated as FMLA absences;

(D) pay liquidated damages pursuant to the FMLA;

(E) pay prejudgment interest;

(F) pay costs, including but not limited to reasonable expert witness fees, and reasonable attorneys' fees and the interest incurred thereon; and

(G) enter any additional orders for such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Taylor E. Muzzy
One of Plaintiffs' Attorneys

Sherrie E. Voyles
Taylor E. Muzzy
Jacobs, Burns, Orlove & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Il 60603-6145
(312) 372-1646